FILED

APR 1 7 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARMANE SMITH,                              )
                                             )
                Plaintiff,                   )
                                             )
        v.                                   )        Civil Action No. 19cv692 (UNA)
                                             )
GOOGLE, LLC, *et al.*,                       )
                                             )
                Defendants.                  )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and her *pro se* civil complaint. The application will be granted, and the complaint will be dismissed.

It appears that plaintiff has filed a civil action against Google in the United States District Court for the Northern District of California, which had been assigned to United States District Judge Beth Labson Freeman and United States Magistrate Judge Susan van Keulen. It further appears that the action has been dismissed with prejudice, and here the plaintiff seeks damages for the judges' alleged malfeasance.

Both judges enjoy absolute immunity from liability for damages for acts taken in their judicial capacities. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Forrester v. White*, 484 U.S. 219, 226-27 (1988) (discussing "purposes served by judicial immunity from liability in damages"); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial

jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L. Ed. 646 (1872)."). Moreover, this federal district court has no authority to review the decisions of another district court. *See, e.g., Fisch v. U.S. Gov't*, No. 13–2038, 2013 WL 7095043, at *1 (D.D.C. Dec. 20, 2013) (dismissing complaint which "takes issue with court rulings and proceedings held in the federal courts in New York" for lack of jurisdiction), *appeal dismissed*, No. 14-5027 (D.C. Cir. Aug. 4, 2014); *Kissi v. United States*, No. 12–1765, 2012 WL 5382898, at *1 (D.D.C. Oct. 31, 2012) (dismissing complaint seeking review of rulings of United States District Court for the District of Maryland); *see also* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions).

Accordingly, the Court will dismiss this action with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). An Order consistent with this Memorandum Opinion is issued separately.

DATE: April 16, 2019

_____
United States District Judge